```
 1                IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF TEXAS
 2                        FORT WORTH DIVISION

 3   UNITED STATES OF AMERICA     )    4:15-CR-151-O(11)
                                  )
 4   v.                           )    Rearraignment
                                  )
 5   BRIAN HARRIS                 )    August 3, 2015

 6

 7            BEFORE THE HONORABLE REED C. O'CONNOR
                  United States District Judge
 8                  In Fort Worth, Texas

 9
     FOR THE GOVERNMENT:          MR. SHAWN SMITH
10                                US Attorney's Office
                                  801 Cherry St
11                                Burnett Plaza Ste 1700 Unit #4
                                  Fort Worth, TX 76102-6882
12                                817/252-5200
                                  Fax: 817-252-5455
13
     FOR THE DEFENDANT:           MR. DON L. DAVIDSON
14                                Law Office of Don Davidson
                                  803 Forest Ridge Dr
15                                Suite 203
                                  Bedford, TX 76022
16                                817/355-1285
                                  Fax: 817/355-1285
17                                donatty@flash.net

18   COURT REPORTER:              MR. DENVER B. RODEN, RMR
                                  United States Court Reporter
19                                1050 Lake Carolyn Pkwy #2338
                                  Irving, Texas  75039
20                                drodenrmr@sbcglobal.net
                                  Phone:  (214) 753-2298
21

22
         The above styled and numbered cause was reported by
23   computerized stenography and produced by computer.

24

25
```

1      (August 3, 2015.)
2      **THE COURT**:  All right.  We are here now on case
3  number 4:15-CR-164, the United States versus
4  Gabriel Farias-Lopez; case number 4:15-CR-170, the United
5  States versus Heath Justin Prince; and case number
6  4:15-CR-151, the United States versus Brian Harris.
7      All right.  And all of you have your counsel here.
8  Would you state your full name for the record.
9      **DEFENDANT HARRIS**:  Brian Harris.
10     **THE COURT**:  Thank you, Mr. Harris.
11     **DEFENDANT PRINCE**:  Keith Justin Prince.
12     **THE COURT**:  And?
13     **DEFENDANT LOPEZ**:  Gabriel Lopez.
14     **THE COURT**:  Thank you, Mr. Lopez.  You require the
15  services of an interpreter and our interpreter has previously
16  been sworn.
17     Now, would you all raise your right hand and be
18  sworn, please.
19    (Three defendants sworn by the clerk at this time.)
20     **THE COURT**:  Now, do you all understand that you are
21  under oath and that if you answer any of my questions falsely
22  your answers may later be used against you in a prosecution
23  for perjury or making a false statement?
24     **DEFENDANT HARRIS**:  Yes, sir.
25     **DEFENDANT PRINCE**:  Yes.

1          **DEFENDANT LOPEZ:**  Yes.
2          **THE COURT:**  Do you read, write, and understand the
3  English language?
4          **DEFENDANT HARRIS:**  Yes, sir.
5          **DEFENDANT PRINCE:**  Yes, sir.
6          **DEFENDANT LOPEZ:**  No.
7          **THE COURT:**  How old are you?
8          **DEFENDANT HARRIS:**  Forty-four
9          **DEFENDANT PRINCE:**  Thirty-eight
10         **DEFENDANT LOPEZ:**  Thirty-seven.
11         **THE COURT:**  Are you currently or have you been within
12  the last six months under the care of a physician or a
13  psychiatrist?
14         **DEFENDANT HARRIS:**  No, sir.
15         **DEFENDANT PRINCE:**  No, sir.
16         **DEFENDANT LOPEZ:**  No.
17         **THE COURT:**  Have you ever been hospitalized or
18  treated narcotics addition or alcoholism.
19         **DEFENDANT HARRIS:**  Yes.
20         **THE COURT:**  When was that?
21         **DEFENDANT HARRIS:**  1996 or '7.
22         **THE COURT:**  Okay.  Very good.  Anything about that
23  treatment on or condition that affects your ability to
24  understand what it is we're doing here?
25         **DEFENDANT HARRIS:**  No, sir.

1           **DEFENDANT PRINCE:**  No.

2           **DEFENDANT LOPEZ:**  No.

3           **THE COURT:**  Are you now under the influence of
4    alcohol or any other type of drug?

5           **DEFENDANT HARRIS:**  No, sir.

6           **DEFENDANT PRINCE:**  No, sir.

7           **DEFENDANT LOPEZ:**  No.

8           **THE COURT:**  Do you feel as if you suffer from any
9    emotional or mental disability or problem?

10          **DEFENDANT HARRIS:**  No, sir.

11          **DEFENDANT PRINCE:**  No.

12          **DEFENDANT LOPEZ:**  No.

13          **THE COURT:**  Do you feel as if you are of sound mind
14   and you fully understand what it is we're doing here today?

15          **DEFENDANT HARRIS:**  Yes, sir.

16          **DEFENDANT PRINCE:**  Yes, sir.

17          **DEFENDANT LOPEZ:**  Yes.

18          **THE COURT:**  Counsel, do you have any reason to
19   believe that your client is not competent?

20          **MR. DAVIDSON:**  No, Your Honor.

21          **MR. BROWN:**  No, Your Honor.

22          **MS. MORALES-HAHN:**  No, Your Honor.

23          **THE COURT:**  Is there any notice from the Government
24   to any victim in any of these cases?

25          **MR. WEIMER:**  Your Honor, in the Prince case there is

1  notice required but has been complied with and we've received
2  no objections from the victims.
3       **THE COURT**: Okay. Very good. All right. Gentlemen,
4  you may, if you choose, plead not guilty to any offense
5  charged fence you and persist in that plea if it has already
6  been made and if you plead not guilty the Constitution
7  guarantees to you the following rights:
8       The right to a speedy trial by a jury in this
9  district.
10      The right at that trial for you to confront; that is,
11 to see, hear, and cross-examine all witnesses against you.
12      The right to use the power and the process of the
13 Court to compel the production of any evidence, including the
14 attendance of any witnesses in your favor.
15      The right to have the assistance of an attorney in
16 your defense in all stages of the proceedings and, if
17 necessary, an attorney would be appointed to the represent you
18 if you did not have an attorney.
19      At your trial you could not be compelled to testify
20 and whether or not you would testify would be a matter in
21 which your judgment alone would control.
22      At your trial the Government would be required to
23 prove your guilt beyond a reasonable doubt and if you were
24 found guilty you would have the right to appeal your
25 conviction.

1               Do you understand that you have these rights?
2               **DEFENDANT HARRIS**:  Yes, sir.
3               **DEFENDANT PRINCE**:  Yes, sir.
4               **DEFENDANT LOPEZ**:  Yes.
5               **THE COURT**:  On the other hand, if you plead guilty
6     and if your plea is accepted, there will not be a further
7     trial of any kind so that by pleading guilty you would waive
8     the right to a trial as well as those other rights associated
9     with a trial.
10              Generally, a defendant who is accused of a crime
11    cannot plead guilty unless he is actually guilty of that crime
12    and in federal court the judge determines the penalty whether
13    that conviction is on the verdict of a jury or upon a plea of
14    guilty.
15              I have not and I will not talk to anyone about the
16    facts of your case except in your presence where you, your
17    attorney, and representatives of the Government are all
18    present.  However, if a guilty verdict is entered, a
19    Presentence Report will be prepared and I will review it with
20    the probation -- I may review it with the probation officers
21    outside of your presence.
22              If you should be convicted, you and your attorney
23    will each be given an opportunity to present to the Court any
24    pleas for leniency.
25              The penalty will be decided on the basis of the facts

1  heard in open court. You should never depend or rely upon any
2  statement or promise by anyone whether connected with the
3  Government important a law enforcement agency or your attorney
4  or anyone else as to what penalty will be assessed against
5  you.
6      Should you decide to plead guilty, your plea must not
7  be induced or prompted by any promises, pressure, threats,
8  force, or coercion of any kind.
9      A plea of guilty must be purely voluntary and you
10 should plead guilty only because you are guilty and for no
11 other reason.
12     Do you understand these explanations?
13     **DEFENDANT HARRIS:** Yes, sir.
14     **DEFENDANT PRINCE:** Yes, sir.
15     **DEFENDANT LOPEZ:** Yes.
16     **THE COURT:** Under the Sentencing Reform Act, the
17 Sentencing Commission has issued advisory guidelines for
18 judges to consider in determining a sentence in criminal
19 cases.
20     Have you and your attorney discussed how the
21 guidelines might apply in your case?
22     **DEFENDANT HARRIS:** Yes, sir.
23     **DEFENDANT PRINCE:** Yes, sir.
24     **DEFENDANT LOPEZ:** Yes.
25     **THE COURT:** Even so, I need to tell you any

1  discussion concerning the guidelines at this stage of the
2  proceeding has been an estimate or prediction as to what those
3  guidelines might be but it is not a promise as to what those
4  guidelines will be.
5      I am required to consider any applicable Sentencing
6  Guidelines but may sentence outside the guidelines if I do so
7  reasonably.  I am not bound by facts stipulated between you
8  and your attorney on the one hand and the Government on the
9  other and I can impose punishment that might disregard
10 stipulated facts or take into account facts not mentioned in
11 your stipulations and you might not be permitted to withdraw
12 your guilty plea in such an event.
13     I will not be able to determine the guideline
14 sentence for your case until after the Presentence Report has
15 been prepared and you and the Government have had an
16 opportunity to challenge the facts and conclusions reported by
17 the probation officer.
18     You have the right to appeal the sentence I impose
19 unless you waive that right and in some circumstances the
20 Government has the right to appeal as well.
21     In federal court parole has been abolished so if you
22 are sentenced to prison you will not be released on parole.
23     Do you understand these explanations?
24     **DEFENDANT HARRIS:**  Yes, sir.
25     **DEFENDANT PRINCE:**  I do.

```
1            DEFENDANT LOPEZ:  Yes.
2            THE COURT:  Have you received a copy of the
3    indictment in your case?
4            DEFENDANT HARRIS:  Yes, sir.
5            DEFENDANT PRINCE:  Yes, sir.
6            DEFENDANT LOPEZ:  Yes.
7            THE COURT:  Do you understand the nature of the
8    charges that have been made against you in your indictment?
9            DEFENDANT HARRIS:  Yes, sir.
10           DEFENDANT PRINCE:  Yes, sir.
11           DEFENDANT LOPEZ:  Yes, sir.
12           THE COURT:  Do you want me to have those charges read
13   aloud here in open court this morning?
14           DEFENDANT HARRIS:  No, sir.
15           DEFENDANT PRINCE:  No, sir.
16           DEFENDANT LOPEZ:  No, sir.
17           THE COURT:  All right.  Since you've all read it and
18   understand it, you can waive a formal reading of it.
19           You do have the right to have explained to you the
20   essential elements of the offense that you intend to plead
21   guilty to.  These are the elements that the Government would
22   be required to prove beyond a reasonable doubt if you were to
23   elect to go to trial.
24           I will ask the Government to state those elements for
25   each respective defendant at this time.
```

Case 4:15-cr-00151-O Document 848 Filed 01/10/16 Page 10 of 19 PageID 3460
Page 10

1       **MR. SMITH**: For Mr. Harris and Mr. Farias.

2       First, that two or more persons directly or
3 indirectly reached an agreement to distribute or possess with
4 intent to distribute a controlled substance as charged in the
5 indictment.

6       Second, the defendant knew the unlawful purpose of
7 the agreement.

8       Third, the defendant joined in the agreement
9 willfully; that is, with the intent to further its unlawful
10 purpose.

11       And, fourth, that the overall scope of the conspiracy
12 involved at least 50 grams of a mixture or substance
13 containing a detectable amount of methamphetamine, a Schedule
14 II controlled substance.

15       **MR. WEIMER**: And, Your Honor, as to Mr. Prince.

16       First, that the defendant willfully or maliciously
17 destroyed or defaced mail.

18       Second, that the mail had been deposited in a letter
19 box or other receptacle intended or used for the receipt or
20 delivery of mail on any mail route of the United States Postal
21 Service.

22       **THE COURT**: Do you all understand those elements?
23       **DEFENDANT HARRIS**: Yes, sir.
24       **DEFENDANT PRINCE**: Yes, sir.
25       **DEFENDANT LOPEZ**: Yes.

*DENVER B. RODEN, RMR*
*United States Court Reporter*

1  **THE COURT:** And do you admit that you committed all
2  of the essential elements of this offense?
3  **DEFENDANT HARRIS:** Yes, sir.
4  **DEFENDANT PRINCE:** Yes, sir.
5  **DEFENDANT LOPEZ:** Yes, sir.
6  **THE COURT:** Now, you have your attorney appearing
7  here with you today.
8  Do you feel as if you've had enough time to discuss
9  the case and the charges made against you with your attorney?
10  **DEFENDANT HARRIS:** Yes, sir.
11  **DEFENDANT PRINCE:** Yes, sir.
12  **DEFENDANT LOPEZ:** Yes, sir.
13  **THE COURT:** And have you discussed the issue of
14  punishment with your attorney and how the Sentencing
15  Guidelines might apply in your case?
16  **DEFENDANT HARRIS:** Yes, sir.
17  **DEFENDANT PRINCE:** Yes, sir.
18  **DEFENDANT LOPEZ:** Yes, sir.
19  **THE COURT:** All right. Now, is there a plea
20  agreement -- Counsel, is there a plea agreement in your
21  client's case?
22  **MR. DAVIDSON:** No, Your Honor.
23  **MR. BROWN:** No, Your Honor.
24  **MS. MORALES-HAHN:** No, Your Honor.
25  **THE COURT:** And to the extent any offers have been

1  made by the Government to your client, have you communicated
2  those offers to your client?
3      **MR. DAVIDSON:**  Yes, sir.
4      **MR. BROWN:**  Yes, Your Honor.
5      **MS. MORALES-HAHN:**  Yes.
6      **THE COURT:**  And do you believe proceeding in this
7  fashion is the best way for your client to proceed
8  strategically, give all of the facts and circumstances?
9      **MR. DAVIDSON:**  Yes, Your Honor.  Essentially.
10     **MR. BROWN:**  Yes, Your Honor.
11     **MS. MORALES-HAHN:**  Yes, Your Honor.
12     **THE COURT:**  Okay.  Mr. Harris, in your case you face
13 a -- I'm going to go over the range of punishment with you.
14 You face a maximum penalty of 5 -- of a $5 million dollar fine
15 and not less than 5 years nor more than 40 years in prison
16 plus a term of supervised release of not less than 4 years.
17 If you violate any condition of your release I may revoke such
18 term and require you to serve an additional period of
19 confinement, plus you face a mandatory special assessment of
20 $100.
21     Do you understand the full range of punishment that
22 you face in this case?
23     **DEFENDANT HARRIS:**  Yes, sir.
24     **THE COURT:**  Do you have any questions of me about the
25 range of punishment?

1  **DEFENDANT HARRIS:** No, sir.

2  **THE COURT:** Mr. Prince, you face a maximum -- you

3  face a maximum term of imprisonment of not more than 3 years,

4  a fine not the objection seed $250,000, a term of supervised

5  release of not more than 1 year, and if you violate any

6  condition of this release you could be returned to prison for

7  the entire term of supervised release. You face a mandatory

8  special assessment of $100 and restitution and costs.

9  Do you understand the full range of punishment, in

10 particular, the maximum punishment, you face?

11 **DEFENDANT PRINCE:** Yes, sir.

12 **THE COURT:** Do you have any questions of me about the

13 range of punishment?

14 **DEFENDANT PRINCE:** No, sir.

15 **THE COURT:** And, Mr. Farias, you face a maximum term

16 fine of $5 million dollars. You face a maximum term of

17 imprisonment of not less than 5 years nor more than 40 years,

18 plus a term of supervised release of not less than 4 years.

19 If you violate any condition of your supervised release, I may

20 revoke your term of supervised release and require you to

21 serve an additional period of confinement. Plus, you face a

22 mandatory special assessment of $100.

23 Do you understand the full range of punishment you

24 face in this case, particularly the maximum punishment and the

25 mandatory minimum punishment?

1    **DEFENDANT LOPEZ:**  Yes, sir.
2    **THE COURT:**  Do you have any questions of me about
3    your range of punishment?
4    **DEFENDANT LOPEZ:**  No.
5    **THE COURT:**  All right.  Has anyone mentally,
6    physically, or in any other way attempted to force you to
7    plead guilty in this case?  Mr. Harris?
8    **DEFENDANT HARRIS:**  No, sir.
9    **DEFENDANT PRINCE:**  No, sir.
10   **DEFENDANT LOPEZ:**  No.
11   **THE COURT:**  Has anyone made any promise or assurance
12   to you of any kind in an effort to induce you to enter a plea
13   of guilty in this case?
14   **DEFENDANT HARRIS:**  No, sir.
15   **DEFENDANT PRINCE:**  No.
16   **DEFENDANT LOPEZ:**  No.
17   **THE COURT:**  Do you understand that if your plea is
18   accepted you will be adjudged guilty of the offense that you
19   plead guilty to and your punishment will be assessed somewhere
20   within the range of punishment provided by statute?
21   **DEFENDANT HARRIS:**  Yes, sir.
22   **DEFENDANT PRINCE:**  Yes, sir.
23   **DEFENDANT LOPEZ:**  Yes.
24   **THE COURT:**  Are you a citizen of the United States?
25   **DEFENDANT HARRIS:**  Yes, sir.

1      **DEFENDANT PRINCE**: Yes, sir.

2      **DEFENDANT LOPEZ**: No.

3      **THE COURT**: Mr. Farias, have you talked to your

4 counsel about the likelihood of you being removed; that is

5 deported, based upon your plea of guilty in this case?

6      **DEFENDANT LOPEZ**: Yes, sir.

7      **THE COURT**: Okay. You -- so do you understand then,

8 based upon that conversation, that your conviction in this

9 case could result in your deportation; that is, you could be

10 required to leave the United States and it could adversely

11 affect your ability to ever become a citizen of the United

12 States?

13     **DEFENDANT LOPEZ**: Yes.

14     **THE COURT**: All right. And, gentlemen, for you all,

15 the offense that you're pleading guilty to is a felony and

16 conviction of a felony may deprive you of valuable rights of

17 citizenship such as the right to vote, hold public office,

18 serve on a jury, possess any kind of firearm, and other

19 valuable things.

20     Do you understand these consequences?

21     **DEFENDANT HARRIS**: Yes, sir.

22     **DEFENDANT PRINCE**: Yes, sir.

23     **DEFENDANT LOPEZ**: Yes, sir.

24     **THE COURT**: Then, having heard all of the foregoing,

25 how do you plead to the count that you intend to plead guilty

1  to, guilty or not guilty?
2      **DEFENDANT HARRIS:**  Guilty.
3      **DEFENDANT PRINCE:**  Guilty.
4      **DEFENDANT LOPEZ:**  Guilty.
5      **THE COURT:**  Okay.  Then I will accept your plea on
6  the condition that there is a factual basis to support the
7  plea.
8      I have before me a factual resume appropriately
9  styled for your respective cases.
10     Did you read this entire document, the factual
11 resume, in your case?
12     **DEFENDANT HARRIS:**  Yes, sir.
13     **DEFENDANT PRINCE:**  Yes, sir.
14     **DEFENDANT LOPEZ:**  Yes.
15     **THE COURT:**  And did you understand all of the
16 information contained in this document?
17     **DEFENDANT HARRIS:**  Yes, sir.
18     **DEFENDANT PRINCE:**  Yes, sir.
19     **DEFENDANT LOPEZ:**  Yes.
20     **THE COURT:**  Are the facts stated in the factual
21 resume true and correct?
22     **DEFENDANT HARRIS:**  Yes, sir.
23     **DEFENDANT PRINCE:**  Yes, sir.
24     **DEFENDANT LOPEZ:**  Yes, sir.
25     **THE COURT:**  All right.  Then, being satisfied with

1  the responses given during this hearing, I make the following
2  findings on the record:
3      In each of your cases you are fully competent and
4  capable of entering an informed plea and your plea to the
5  count you've pled guilty to is a knowing and voluntary plea
6  supported by an independent basis in fact containing each of
7  the essential elements of the offense.
8      Your plea is therefore accepted and you are now
9  adjudged guilty of that offense.
10     As I mentioned, a Presentence Report will be prepared
11 by the probation officer to assist in sentencing and you will
12 be asked to meet with the officer and your attorney will be
13 with you during that meeting.  If at any time you want to
14 speak to your attorney in private, simply make that request
15 and you will be allowed to do so.  Your attorney will advise
16 you on your obligation to be truthful to the officer during
17 your meeting and what may happen if you are not truthful to
18 the officer.
19     You will be provided a copy of the Presentence Report
20 well before your sentencing hearing and you will have an
21 opportunity to make comments on it and file objections to it,
22 if you need to.  So when the document comes out, review it
23 carefully and if, after you review the document, you have
24 objections to any of the information contained in the
25 document, just tell your attorney and your attorney will use

1  your attorney's judgment to determine how to resolve those
2  issues.  If your attorney is unable to resolve those issues,
3  and they need to be resolved, then I will resolve them here in
4  open court at the date and time for your sentencing.
5        The date and time for your sentencing will be before
6  me on December 7, 2015, at nine a.m., and your Presentence
7  Report is due to be disclosed on or before September 22, 2015,
8  so be looking for the document around that time period.
9        Do you have any questions of me, sir?
10       **DEFENDANT HARRIS**:  No, sir.
11       **DEFENDANT PRINCE**:  No.
12       **DEFENDANT LOPEZ**:  No.
13       **THE COURT**:  All right.  Is there anything else we
14 should take up the, counsel?
15       **MR. DAVIDSON**:  No, Your Honor.
16       **MR. BROWN**:  No, Your Honor.
17       **MS. MORALES-HAHN**:  No, Your Honor.
18       **THE COURT**:  Is there anything else from the
19 Government?
20       **MR. WEIMER**:  No, Your Honor.
21       **THE COURT**:  Okay.  Thank you all for being here and
22 good luck to you all.  We are in recess on your case.

1    I, **DENVER B. RODEN**, United States Court Reporter for the
2 United States District Court in and for the Northern District
3 of Texas, Fort Worth Division, hereby certify that the above
4 and foregoing contains a true and correct transcription of the
5 proceedings in the above entitled and numbered cause.
6    **WITNESS MY HAND** on this 10th day of January, 2016.

                              /s/ Denver B. Roden

                              **DENVER B. RODEN, RMR**
                              *United States Court Reporter*
                              1050 Lake Carolyn Parkway #2338
                              Irving, Texas  75039
                              *drodenrmr@sbcglobal.net*
                              **Phone**:  (214) 753-2298