```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION

UNITED STATES OF AMERICA     )   4:15-CR-151-O(11)
                             )
v.                           )   Sentencing
                             )
BRIAN HARRIS                 )   December 7, 2015
```

**BEFORE THE HONORABLE REED C. O'CONNOR**
*United States District Judge*
*In Fort Worth, Texas*

| | |
|---|---|
| **FOR THE GOVERNMENT:** | MR. SHAWN SMITH |
| | US Attorney's Office |
| | 801 Cherry St |
| | Burnett Plaza Ste 1700 Unit #4 |
| | Fort Worth, TX 76102-6882 |
| | 817/252-5200 |
| | Fax: 817-252-5455 |
| **FOR THE DEFENDANT:** | MR. DON L. DAVIDSON |
| | Law Office of Don Davidson |
| | 803 Forest Ridge Dr |
| | Suite 203 |
| | Bedford, TX 76022 |
| | 817/355-1285 |
| | Fax: 817/355-1285 |
| | donatty@flash.net |
| **COURT REPORTER:** | MR. DENVER B. RODEN, RMR |
| | *United States Court Reporter* |
| | 1050 Lake Carolyn Pkwy #2338 |
| | Irving, Texas  75039 |
| | *drodenrmr@sbcglobal.net* |
| | Phone:  (214) 753-2298 |

   The above styled and numbered cause was reported by computerized stenography and produced by computer.

1    (December 7, 2015.)

2         **THE COURT**:  All right.  We are here now in case

3    number 4:15-CR-151, the United States versus Brian Harris.

4         Mr. Smith is here for the Government.  Mr. Davidson

5    is here for the defendant.

6         Sir, would you state your full name for the record.

7         **THE DEFENDANT**:  Bryan Alan Harris.

8         **THE COURT**:  All right.  Thank you, sir.  We are here

9    for purposes of your sentencing.

10        Counsel, did you and your client receive in a timely

11   manner a copy of the Presentence Investigation Report, the

12   Addendum, and the Second Addendum to the Presentence

13   Investigation Report?

14        **MR. DAVIDSON**:  I believe we did, Your Honor.

15        **THE COURT**:  Have you carefully reviewed those

16   documents with your client?

17        **MR. DAVIDSON**:  Yes, sir.

18        **THE COURT**:  Did the Government receive this is

19   timely?

20        **MR. SMITH**:  Yes, Your Honor.

21        **THE COURT**:  All right.  Now, there have been a number

22   of objections filed in the case.  Many of them have been

23   accepted in the Addendum.  Two objections I think -- the two

24   objections that remain, the substance of them that remain,

25   they may affect other guidelines, deal with the calculations

1  of the relevant conduct, and then also whether the mitigation
2  role -- whether it should be -- receive a reduction for a
3  mitigating role.
4      Do I understand what remains, Mr. Davidson?
5      **MR. DAVIDSON**: The mitigating role. Yes, Your Honor.
6  I don't remember an objection to the relevant conduct. I'm
7  not sure what the Court is referring to there.
8      **THE COURT**: The date --
9      **MR. DAVIDSON**: Oh.
10     **THE COURT**: -- for the calculation of --
11     **MR. DAVIDSON**: Right.
12     **THE COURT**: -- relevant conduct. Now, it seems to me
13 that even if that date is moved forward from November 1, that
14 because of his criminal history though sort of collateral -- I
15 don't know if "collateral" is the right word, but sort of the
16 consequence of moving those forward, because of the extent of
17 his criminal history, that I'm not sure that it would make a
18 difference on the criminal history point.
19     **MR. DAVIDSON**: Honestly, Your Honor, I don't think
20 moving that date affects the Guideline range. My objection to
21 that was based upon -- primarily on the fact he was released
22 on October 31st and he did not immediately get back into
23 dealing drugs and so I was challenging the Government's
24 contention that that's exactly what he did and it turns out
25 the Government produced no evidence to show that that was the

1   case, they simply referred back to, well, he was involved, you
2   know -- well, six or seven or eight months from the time --
3   dating back from in June when he got arrested.  We'll concede
4   he got back into drug dealing sometime after he got out, maybe
5   it was late November, maybe December, January.  I'm not sure,
6   I'm not sure he's sure, but it wasn't right away.  That was my
7   point.
8           **THE COURT**:  Yes.  And all I'm saying is to the extent
9   that day gets movement -- we move it forward, I think because
10  of the extensive criminal history that even though we move it
11  forward it reduces those points at all.  That's all I'm
12  saying.
13          **MR. DAVIDSON**:  I don't know that the does and it
14  certainly doesn't change the category.
15          **THE COURT**:  Right.  Right.  Okay.  Very good. Do you
16  wish to -- at least on the mitigating role or anything else,
17  do you wish to present any evidence?
18          **MR. DAVIDSON**:  I do, Your Honor.
19          **THE COURT**:  Very good.
20          **MR. DAVIDSON**:  I have an exhibit, Exhibit 1, that I
21  would offer both for this and for my contention that he should
22  get a lower -- a downward variance.  I think this exhibit
23  is relevant to both.  I will provide a copy to the Government.
24          May I approach?
25          **THE COURT**:  Yes, please.

1          (Handed to the Court.)
2          **MR. DAVIDSON**:  For the benefit of the Court, this is
3    the chart I put in my -- I believe it's my objections to the
4    Addendum or my Sentence Memorandum, I'm not sure which,
5    although I added the column on the far right.
6          **THE COURT**:  Okay.
7          **MR. DAVIDSON**:  That I've been updating with the
8    sentences the Court has imposed in the various codefendant
9    cases.
10         And, Your Honor, as far as the mitigating role, as
11   discussed in my Sentencing Memorandum, the Guidelines have
12   been amended as of November 1st to -- certainly, as I
13   understand it, to encourage courts to grant that mitigating
14   role adjustment more often.  I think the Sentencing Commission
15   had come to the conclusion that courts were not giving it
16   nearly enough and so they revised that guideline and they
17   listed five factors in Subsection C of the application note
18   and as I ride these five factors it looks like every one of
19   them would apply to Mr. Harris.  He was low down on the drug
20   conspiracy chain and was not anywhere close to the top, as I
21   believe that chart shows -- and, by the way, was that Exhibit
22   1 admitted?
23         **THE COURT**:  Yes.  I'm sorry.  It will be admitted.
24   Yes.  And I'd seen a version of it --
25         **MR. DAVIDSON**:  Right.

1          **THE COURT:**  -- in your pleadings already.

2          (Admitted in Evidence as Defendant's Exhibit 1.

3          **MR. DAVIDSON:**  But when you look at those five

4  factors that are in the new application note, it looks like to

5  me he mets every one of them.  I feel certain at least a two

6  level reduction for mitigating role would be appropriate and

7  maybe a three or four level role.  I just rely on what I put

8  in the Sentencing Memorandum my objections for the rest of the

9  explanation.

10         **THE COURT:**  Thank you, sir.  I will overrule the

11 objection to the mitigating role.  I feel the PSR shows in

12 many respects that he operated his own network for the --

13 whatever period of time he got back into the drug business --

14 and in the paragraphs of the PSR, other than that portion of

15 the document that discusses how he served as protection for

16 the other person -- for the codefendant, I believe that all of

17 the factors in the amended guideline weigh against a downward

18 adjustment in this case.

19         Based upon that, I will adopt the fact findings

20 contained in the Presentence Report and the Addendum.

21         I will adopt the probation officer's conclusions as

22 to the appropriate guideline calculations and determine that

23 they are as follows:

24         A total offense level of 29.

25         A Criminal History Category of VI.

1          An imprisonment range of between 151 months and 188
2    months.
3          A supervised release range of between 4 and 5 years.
4          A fine range of between $15,000 and $5 million
5    dollars.
6          And, of course, a mandatory special assessment of
7    $100.
8          Does the Government wish to be heard on sentencing?
9          **MR. SMITH:** No, Your Honor.
10         **THE COURT:** Mr. Davidson, I will turn the floor over
11   to you. I have read all of the letters and affidavits that
12   you have provided to me including a long and what I take to be
13   a very heartfelt letter from the defendant and with -- and, of
14   course, I've read your pleadings, and so with that said then,
15   I will now turn the floor over to you for final arguments.
16         **MR. DAVIDSON:** Thank you, Your Honor. And I will
17   state for the Court's benefit that that statement that the
18   defendant wrote he wrote and I simply typed it up and
19   corrected a few spelling and grammatical errors. But it is
20   from him, he wrote that, and I didn't change it substantively.
21         **THE COURT:** Thank you.
22         **MR. DAVIDSON:** Your Honor, as I discuss in the
23   Sentencing Memo, a number of district court judges have
24   concluded that the sentence guidelines for drug cases are
25   inappropriately harsh and the statistics I quoted in that

1   Sentencing Memo indicate that a lot of these drug cases are
2   resulting in downward variances, far more than result in
3   upward variances and that those variances are reducing
4   sentences by something like 30% from what the bottom of the
5   guidelines is.  That, the fact that will the drug quantity
6   table last year was amended to make it slightly more lenient,
7   the fact that, as I interpret it, the mitigating role
8   adjustment has been made more lenient, I think the courts, the
9   Sentencing Commission, are recognizing that these drug
10  guidelines are too harsh, are resulting in a lot of people
11  being put away in prison for a very long time that don't
12  really need to be put that for that long, and I would submit
13  that Mr. Harris's case is exactly that kind of case.
14          He's a low level drug trafficker who was dealing
15  primarily because he's a drug addict and he needed money to
16  support his drug addiction.  He didn't get rich off of this
17  scheme.  He didn't make a lot of money.  He just used it to
18  get drugs to support his.
19          He does have an extensive criminal history; I can't
20  argue with that, but as I pointed out in the Sentencing Memo,
21  none of it is serious stuff, none of it is violent.  The
22  longest sentence he has ever done is two years.  And this, the
23  sentence that the Court imposes today, is going to be much
24  longer than that, but at a minimum two and-a-half times as
25  long as any sentence he has ever served.

1  A number of those judges whose opinions I quoted
2 focus on the fact that the defendant's role in the -- in
3 offense, the role in the conspiracy is a critical factor and I
4 would submit that his role is -- enlists -- I understand the
5 Court's ruling on mitigating role adjustment. I disagree with
6 and I understand it. But this chart that I gave the Court
7 shows that he was a fairly low level dealer. He was not
8 dealing to his codefendants, they were dealing to him, and he
9 was dealing in relatively minor quantities compared to most of
10 the other defendants, codefendants. I think all of that shows
11 that he is -- his role in the conspiracy is much more limited
12 and lower level player than most of the codefendants.
13  His motivation is another critical factor I ask this
14 Court to consider. You can read in the Presentence Report he
15 had a very tough childhood. His family -- he comes from a
16 family of substance abusers, whether it be alcohol or drugs.
17 He got into it at a very early age following the pattern of
18 his mother and stepfather and it has seized a hold of his life
19 and really to this point ruined his life, destroyed his life.
20 It's the cause for most of his problems, including his
21 expensive criminal history.
22  The character letters that I've submitted show that
23 at heart that he can get off of drugs; he's a good person, and
24 that's probably true of a lot of these drug addicts. The
25 drugs turn them into people they're not at heart.

1         You can see from his letter, from his guilty plea,
2    from his statement to the PSR that he has a lot of remorse and
3    that he wants to turn his life around and I would ask the
4    Court to give him that chance.
5         We would also ask the Court respectfully to
6    recommended that he be enrolled in the drug treatment program
7    and he also asks that he be confined as near to this DFW area
8    as possible because this is where his children are, this is
9    where the mother of his children are, and he is especially
10   with his young twins he hopes to begin to bond with them in a
11   way that he hasn't done before because of his addiction.
12        I would submit that a five to six year sentence would
13   be appropriate in this case to do justice in this case in
14   recognition of all of the factors I've discussed.
15        **THE COURT**: Thank you, Mr. Davidson.
16        Mr. Harris, do you wish to speak on your behalf or
17   present information in mitigation of your sentence?
18        **THE DEFENDANT**: Yes, sir. I just wanted to pretty
19   much say everything I needed to say, sir, in that letter.
20   That's why I sat down and wrote it. It comes from the heart.
21   I ask that I get help and I want to apologize to everybody for
22   everything and that's pretty much it, sir.
23        **THE COURT**: Thank you, sir.
24        I will now state the sentence determined pursuant to
25   Title 18 U.S.C. § 3553, treating the Sentencing Guidelines as

1  advisory only.
2  In arriving at a reasonable sentence I've taken into
3  account primarily the conduct admitted in the Factual Resume
4  as well as those matters required to be considered by 3553.
5  It is the judgment of the Court that the defendant is
6  committed to the custody of the Federal Bureau of Prisons for
7  a period of 151 months.
8  I do not order a fine.
9  I do order a mandatory special assessment of $100.
10  It is further ordered that upon your release you be
11  placed on supervised release for a term of 4 years.
12  It is further ordered that upon your release that you
13  comply with the standard conditions contained in this judgment
14  as well as the mandatory and special conditioned stated
15  herein.
16  Have you gone over those conditions of release with
17  your client?
18  **MR. DAVIDSON**: I have, Your Honor.
19  **THE COURT**: Do you understand those conditions, sir?
20  **THE DEFENDANT**: Yes, sir.
21  **THE COURT**: I will order those conditions imposed in
22  your case.
23  I'd believe that this is the appropriate sentence in
24  this case given all of the facts and circumstances and that
25  this sentence is sufficient, but not greater than necessary,

1  to comply about the statutory purposes of sentencing.

2        In particular, I've taken into account the arguments
3  made by Mr. Davidson in his sentencing documents as well as
4  the letter and the information provided to me by the defendant
5  in his letter to me and I've balanced those with both the
6  offense conduct at issue in this case as well as the extremely
7  long criminal history and note that the defendant has been
8  given multiple chances to rehabilitate and to obtain drug
9  rehab and that nothing seems to have worked.  As a result, I
10 believe that even if I'm wrong as to my rulings as to any of
11 these objections, this is the sentence I believe, when
12 considering all of the appropriate 3553(a) factors, that this
13 sentence I believe protects the public from further crimes,
14 provides just punishment, and affords adequate deterrents.

15       Is there any objection from the Government to this
16 sentence.

17       **MR. SMITH**:  No, Your Honor.

18       **THE COURT**:  From the defense?

19       **MR. DAVIDSON**:  Your Honor, for the record we would
20 object to the sentence as unreasonable for the reasons stated
21 in the Sentencing Memo and objections to the Presentence
22 Report, especially with regard to the mitigating role
23 adjustment and the request for downward variance and all the
24 factors I cited in that regard.

25       **THE COURT**:  Yes, sir.  Those are all overruled for

1 the reasons I stated.
2     **MR. DAVIDSON:** Thank you.
3     **THE COURT:** I will recommend that you be placed
4 somewhere within the DFW area, if possible, and that you be
5 able to participate in drug treatment programs, if you are
6 eligible.
7     Now, you also have the right to appeal this sentence
8 and if you decide to appeal this sentence you have the right
9 to apply for leave to appeal in forma pauperis if you are
10 unable to pay the costs of an appeal and if you decide to a
11 people your notice must be filed within 14 days. Talk to
12 Mr. Davidson about your appellate rights.
13     Is there anything else we should take up from the
14 Government?
15     **MR. SMITH:** No, Your Honor.
16     **THE COURT:** And, Mr. Davidson?
17     **MR. DAVIDSON:** No, Your Honor.
18     **THE COURT:** Then good luck to you sir and thank you
19 both for being here.
20     **MR. DAVIDSON:** That you, Your Honor.

1      I, **DENVER B. RODEN**, United States Court Reporter for the
2 United States District Court in and for the Northern District
3 of Texas, Fort Worth Division, hereby certify that the above
4 and foregoing contains a true and correct transcription of the
5 proceedings in the above entitled and numbered cause.
6      **WITNESS MY HAND** on this 10th day of January, 2016.

                              /s/ Denver B. Roden

                              **DENVER B. RODEN, RMR**
                              *United States Court Reporter*
                              1050 Lake Carolyn Parkway #2338
                              Irving, Texas  75039
                              *drodenrmr@sbcglobal.net*
                              **Phone**:  (214) 753-2298